IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

RSUI INDEMNITY COMPANY
945 East Paces Ferry Road, Suite 1800
Atlanta, Georgia  30326-1160,

    Plaintiff,

  v.

NATIONAL YOUTH ADVOCATE
PROGRAM, INC.
1801 Watermark Drive, Suite 200
Columbus, Ohio  43215,

    Defendant.

Case No. 2:23-cv-891

## COMPLAINT FOR DECLARATORY JUDGMENT

For its Complaint against Defendant National Youth Advocate Program, Inc. ("NYAP"), Plaintiff RSUI Indemnity Company ("RSUI") states the following.

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202, and 1332.

### PARTIES

2. RSUI is a corporation duly organized and existing under the laws of the State of Georgia with its principal place of business located in Georgia.

3. Upon information and belief, NYAP is a not-for-profit corporation duly organized and existing under the laws of the State of Ohio with its principal place of business in Ohio.

### JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between RSUI and NYAP, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1) because NYAP is in this District and Division.

## FACTUAL ALLEGATIONS

### The Policy

6. RSUI issued Non-Profit Organization Management Liability Policy No. PP699949 to NYAP (the "Policy") effective for the period from June 3, 2022 to June 3, 2023 (the "Policy Period"). A copy of the Policy is attached hereto as "Exhibit 1."

7. Subject to the Policy's terms, conditions, limitations, exclusions, and endorsements, the Policy provides coverage under a Directors and Officers Liability Coverage Section, an Employment Practices Liability ("EPL") Coverage Section, and a Fiduciary Liability Coverage Section.

8. Insuring Agreement I(A) of the EPL Coverage Section states that RSUI shall pay "Loss" up to the Limit of Liability applicable to the EPL Coverage Section on behalf of the "Insured" in connection with any "Employment Practices Claim" first made against any "Insured" during the Policy Period and reported to RSUI in accordance with the Policy's notice and reporting provisions. (Ex. 1 at EPL Coverage Section § I(A).)

9. "Employment Practices Claim" is defined in the Policy to mean any "Claim" for an "Employment Practices Wrongful Act." (Ex. 1 at EPL Coverage Section § III(C).)

10. "Claim" is defined in the EPL Coverage Section to mean, among other things and in relevant part: "A written demand for monetary or non-monetary relief solely where alleging an Employment Practices Wrongful Act . . . ." (Ex. 1 at EPL Coverage Section § III(A).)

11. "Employment Practices Wrongful Act" is defined in the Policy to mean, in pertinent part, any actual or alleged:

2

. . .

1. Wrongful dismissal, discharge or termination (either actual or constructive) of employment, including breach of an implied employment contract;

2. Employment related harassment (including but not limited to sexual harassment);

. . .

(Ex. 1 at EPL Coverage Section § III(D)(1) and (2).)

12. "Insured" is defined in the EPL Coverage Section as any "Insured Organization" and/or "Insured Person." (Ex. 1 at EPL Coverage Section § III(E).)

13. "Insured Person" is defined in the EPL Coverage Section, in relevant part, to mean: "Any past, present or future director, officer, trustee, 'Employee', advisory board member or any committee member of a duly constituted committee of the 'Insured Organization' . . . ." (Ex. 1 at EPL Coverage Section § III(F(1).)

14. "Loss" is defined in the EPL Coverage Section to mean, in pertinent part and subject to several exceptions: "[D]amages (including back and front pay), settlements, judgments (including pre- and post-judgment interest on a covered judgment) and 'Defense Expenses.'" (Ex. 1 at EPL Coverage Section § G.)

15. Section IV of the EPL Coverage Section, as amended by the "Sexual Misconduct and Child Abuse Exclusion," states that RSUI shall not be liable to make any payment for Loss arising out of or in connection with any Claim (including but not limited to any derivative or representative class actions) made against any Insured alleging, arising out of, based upon or attributable to or in any way involving, directly or indirectly, any "Sexual Misconduct," child abuse or neglect, including but not limited to the employment, supervision, reporting to the proper authorities, failure to so report or retention of any person (the "Sexual Misconduct

3

Exclusion"). (Ex. 1 at EPL Coverage Section § IV, as amended by Sexual Misconduct Exclusion.)

16. "Sexual Misconduct" is defined in the Sexual Misconduct Exclusion as "any licentious, immoral or sexual behavior, sexual abuse, sexual assault or molestation or any sexual act against any individual." (Ex. 1 at EPL Coverage Section § IV, as amended by Sexual Misconduct Exclusion.)

17. The Policy states that it shall be the right and duty of RSUI to defend any Claim against any Insured for which coverage applies under the Policy. (Ex. 1 at Common Policy Terms & Conditions § V(A).)

## The Claim

18. On or about January 27, 2023, NYAP received a litigation hold letter pertaining to an employee of NYAP (the "Employee") requesting copies of the Employee's personnel records (the "Litigation Hold Letter"). The Litigation Hold Letter is not attached as an exhibit in order to protect the identity of the Employee, but RSUI incorporates all of the statements contained therein into this Complaint by reference.

19. On or about January 30, 2023, NYAP received a letter alleging that the Employee's supervisor sexually harassed the Employee, created a hostile work environment, and committed sexual misconduct, which resulted in the constructive discharge of the Employee (the "Demand Letter"). The Demand Letter asked NYAP to notify its insurance carrier of the allegations (the "Claim") and indicated that, if the Claim was not resolved, litigation would ensue. The Demand Letter is not attached as an exhibit in order to protect the identity of those involved in the Claim, but RSUI incorporates all of the statements contained therein into this Complaint by reference.

**RSUI's Coverage Position**

20. After RSUI was provided notice of the Claim, on February 1, 2023, RSUI sent a letter to NYAP in which it indicated that there is no coverage for the Claim under the Policy due to the application of the Sexual Misconduct Exclusion, and reserved all of its rights under the Policy and at law (the "Denial Letter"). The Denial Letter is not attached as an exhibit in order to protect the identities of those involved in the Claim, but RSUI incorporates all of the statements contained therein into this Complaint by reference.

**COUNT I – DECLARATORY JUDGMENT AS TO SEXUAL MISCONDUCT EXCLUSION**

21. RSUI hereby adopts by reference the allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. An actual, present, and justiciable controversy exists concerning whether the Sexual Misconduct Exclusion bars coverage for the Claim under the Policy.

23. RSUI requests that the Court declare that the Sexual Misconduct Exclusion bars coverage for the Claim under the Policy and, as a result, RSUI has no duty to defend and/or indemnify the Insureds under the Policy in connection with the Claim.

**PRAYER FOR RELIEF**

WHEREFORE, RSUI prays that this Court enter an Order:

1. declaring that the Sexual Misconduct Exclusion bars coverage for the Claim under the Policy and, as a result, RSUI has no duty to defend and/or indemnify the Insureds under the Policy in connection with the Claim;

2. awarding RSUI its costs, expenses, and attorneys' fees together with pre- and post-judgment interest to the greatest extent allowed by law; and

3. awarding RSUI all other relief that the Court deems just and equitable.

Dated:  March 7, 2023

/s/ Sabrina Haurin
Sabrina Haurin (0079321)
Jolene S. Griffith (0084940)
BAILEY CAVALIERI LLC
10 West Broad Street, Suite 2100
Columbus, Ohio  43215-3422
Telephone: (614) 221-3155
Facsimile:  (614) 221-0479
shaurin@baileycav.com
jgriffith@baileycav.com

Counsel for Plaintiff RSUI Indemnity Company