UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RSUI Indemnity Company,**

    **Plaintiff,**

v.

**National Youth Advocate Program, Inc.,**

    **Defendant.**

Case No. 2:23-cv-891

**Judge Michael H. Watson**

**Magistrate Judge Jolson**

## OPINION AND ORDER

RSUI Indemnity Company ("RSUI") sued National Youth Advocate Program, Inc. ("NYAP"), seeking a declaration that RSUI has no duty to defend or indemnify NYAP from a claim made by a former NYAP employee against NYAP. *See generally*, Amend. Compl., ECF No. 21. NYAP counterclaimed, seeking an opposite declaration and alleging breach of contract and bad faith. *See generally* Counterclaim, ECF No. 22. RSUI moved for judgment on the pleadings, *see generally* Mot., ECF No. 24, and this Court granted RSUI's motion for all claims. *See* Opinion and Order, ECF No. 30.

NYAP now moves for relief from judgment. Mot., ECF No. 35. For the following reasons, the motion is **DENIED**.

    **I.**    **BACKGROUND**

In its prior Opinion and Order (the "O&O"), the Court explained the facts of this case as follows:

> Defendant is a nonprofit corporation. Counterclaim ¶ 1, ECF No. 22. Plaintiff provides Defendant with an insurance policy ("Policy") that includes coverage for, *inter alia*, losses incurred as a result of an employee's wrongful conduct. *Id.* ¶ 7.
>
> On January 30, 2023, Defendant received a letter (the "Letter") alleging that one of its supervisors (the "Supervisor") sexually harassed and assaulted an employee (the "Employee"). *Id.* ¶ 17; *see also* Letter, ECF No. 17-1. The Letter indicated that Employee believed she had several causes of action against Defendant, and it represented that Employee would sue if the parties could not informally resolve her claims (the "Claim"). Counterclaim ¶ 17, ECF No. 22; *see also* Letter, ECF No. 17-1. Defendant told Plaintiff about the Letter. Amend. Compl. ¶ 21, ECF No. 21.
>
> On February 1, 2023, Plaintiff told Defendant it would not cover the Claim because, in Plaintiff's view, any such claim would fall into the Policy's "Sexual Misconduct Exclusion" (the "Exclusion"). Counterclaim ¶ 18, ECF No. 22. According to Defendant, Plaintiff made that decision without conducting any investigation and failed to follow its internal policies. *Id.* ¶¶ 19-26. In May 2023, Defendant received a charge of discrimination related to Employee's allegations from the Illinois Department of Human Rights, which is Illinois's Equal Employment Opportunity Commission ("EEOC") analogue. Amend. Compl. ¶ 20, ECF No. 21.
>
> Plaintiff proactively brought this lawsuit, seeking a declaratory judgment about whether the Exclusion bars coverage for the Claim. *See generally, id.* Defendant asserts three counterclaims: breach of contract, bad faith, and its own declaratory judgment claim. Counterclaim ¶¶ 36-47, ECF No. 22.

O&O 1–2, ECF No. 30.

In moving for judgment on the pleadings, RSUI reiterated its theory that it need not defend or indemnify the Claim because the Claim fell within the Sexual Misconduct Exclusion. *See generally* Mot., ECF No. 24.

NYAP responded with three arguments. *See generally* ECF No. 28; *see also RSUI Indem. Co. v. Nat'l Youth Advoc. Program*, No. 23-3800, 2024 WL

2974628, at *1 (6th Cir. June 13, 2024). "First, it argued that the . . . Exclusion is unenforceable because it nullifies the sexual harassment provision and therefore renders coverage for sexual harassment illusory. Second, it argued that a declaratory judgment would be premature; and third, that RSUI denied coverage in bad faith." *RSUI Indem. Co.*, 2024 WL 2974628 at *1; *see also* Resp. 6–17, ECF No. 28.

This Court granted RSUI's motion for judgment on the pleadings. *See generally* O&O, ECF No. 30. After finding RSUI's claims to be ripe, *id.* at 3–5, this Court determined that the Sexual Misconduct Exclusion did not nullify the sexual harassment coverage because some forms of sexual harassment would not be excluded, *id.* at 7–8. Therefore, the sexual harassment coverage was not illusory, the Sexual Misconduct Exclusion was enforceable, and RSUI did not deny coverage in bad faith. *Id.* at 8.

NYAP appealed this Court's O&O. ECF, No. 32. NYAP raised two arguments on appeal: (1) that RSUI must defend the employee's Claim because the Claim falls within the policy's sexual harassment coverage, and a jury may find that the Sexual Misconduct Exclusion does not apply to the facts of the Claim, *see* Appellant Br. 10–18, Case No. 23-3800, ECF No. 27, and (2) that the Sexual Misconduct Exclusion and the definition of sexual harassment coverage are ambiguous such that this Court should construe the coverage provision "to include traditional notions of sexual harassment," *see id.* at 18–20.

The Sixth Circuit affirmed this Court's judgment on the pleadings. The appellate court held that NYAP forfeited all the arguments it raised on appeal. In relevant part, the Sixth Circuit wrote:

> [T]here is no way to square its argument before the district court with its arguments before us. Either the Sexual Misconduct Exclusion is unenforceable because the policy's sexual harassment coverage is wholly nullified by the exclusion, as NYAP argued to the district court, or the employee's claim falls outside of the Sexual Misconduct Exclusion but is covered by the sexual harassment provision under a more favorable interpretation of the policy. Both arguments cannot be true, and neither argument implies the other.
>
> Because NYAP did not first raise its arguments before the district court, it forfeited them.

*RSUI Indem. Co.*, 2024 WL 2974628 at *3.

In its current motion, NYAP focuses on the fact that, after appellate briefing concluded but before the Sixth Circuit filed its opinion, the Illinois Department of Human Rights ("IDHR") issued a Notice of Substantial Evidence ("Notice") as to the claims NYAP's former employee brought against it. *See generally* ECF No. 35-2. That Notice included an Investigation Report detailing IDHR's findings on two Counts of unlawful discrimination ("Investigation Report"). *Id.* at 4–27. At issue in Count A is whether NYAP "sexually harassed" the complainant former employee. *Id.* at 4. At issue in Count B is whether NYAP "constructively discharged" the complainant former employee. *Id.* IDHR's investigation found conflicting testimony for both Counts. *Id.* at 12, 15. Because "[c]onflicting testimony between Complainant and Respondent necessitates credibility

determination(s) by a trier of fact," IDHR concluded that there is "substantial evidence" of both Counts. *Id.* at 12–13, 15.

Based primarily on the Notice and Investigation Report, NYAP now moves under Federal Rule of Civil Procedure 60(b) for relief from this Court's September 15, 2023 judgment. *See generally* Mot., ECF No. 35. NYAP contends that the Notice and Investigation Report constitute newly discovered evidence, warranting relief from judgment per Rule 60(b)(2). *See id.* at 5–13. NYAP also asserts that this case presents the Court with the type of unusual or extraordinary circumstances under which Rule 60(b)(6) would warrant relief. *See id.* at 13–15.

## II. STANDARD OF REVIEW

Rule 60(b) allows trial courts to relieve a litigant from a final judgment in only six circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from

judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993) (citation omitted). Thus, although Federal Rule of Civil Procedure 60(b) permits a party to move for relief from a final judgment, it "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations" or legal theories. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citation omitted).

NYAP invokes Rule 60(b)(2) and 60(b)(6). Mot. 1, ECF No. 35. Under 60(b)(2), evidence is considered "newly discovered" only if it pertains to facts that were in existence, but that could not have been discovered in the exercise of reasonable diligence, before the district court entered judgment. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc.*, No. 05-2479, 2007 WL 2733336, at *8 (6th Cir. Sept. 19, 2007) ("This circuit follows the well-conceived rule that newly discovered evidence for motions under . . . Rule 60(b)(2) must pertain to evidence which existed at the time [judgment was entered]."); *see also James v. City of Detroit, Michigan*, Nos. 20-1805/21-1053, 2021 WL 5463778, at *7 (6th Cir. Nov. 23, 2021) ("To prevail under Rule 60(b)(2), [plaintiff] must show she exercised due diligence in obtaining the information . . . ." (internal quotation marks and citation omitted)). Moreover, the evidence cannot be merely cumulative; it must be "material and controlling and clearly would have produced a different result if presented before the original judgment." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)).

Unlike Rule 60(b)(2) and the other provisions of Rule 60(b), Rule 60(b)(6) does not identify a specific circumstance that may warrant relief from judgment. Rather, Rule 60(b)(6) is a "catchall" provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)). The Sixth Circuit has made clear that Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter*, 790 F.3d 693, 696–97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)). In addition to this "exceptional circumstances" requirement, a Rule 60(b)(6) movant must also satisfy three equitable factors: "(1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) that the moving party's culpable conduct did not lead to the judgment." *Exp.-Imp. Bank of U.S. v. Advanced Polymer Scis., Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (citation omitted). In short Rule 60(b)(6) is to be used rarely.

### III. ANALYSIS

Neither Rule 60(b)(2) nor 60(b)(6) entitles NYAP to relief from this Court's O&O. Rule 60(b)(2) does not entitle NYAP to relief because the evidence NYAP points to (newly discovered or not) would not have produced a different result. And Rule 60(b)(6) does not entitle NYAP to relief because the circumstances

here are not sufficiently "exceptional," "extraordinary," "unusual," or "extreme." And, even if they were, the equitable factors do not weigh in NYAP's favor.

**A.      Fed. R. Civ. P. 60(b)(2)**

To prevail on a motion for relief from prior final judgment based on newly discovered evidence under Rule 60(b)(2), a movant must demonstrate that the new evidence is "material and controlling and clearly would have produced a different result if presented before the original judgment." *Good*, 149 F.3d at 423 (internal quotation marks and citation omitted). NYAP acknowledges this requirement and argues that IDHR's Investigation Report finding substantial evidence of "sexual harassment" would have led this Court to the conclusion that the Claim falls within the Policy's coverage for "sexual harassment" and not within the Policy's Exclusion for "Sexual Misconduct." This conclusion is unavoidable, NYAP asserts, because four of the five complained-of acts for which the IDHR Investigation Report found substantial evidence do not independently constitute sexual assault. *See* Mot. at 13, ECF No. 35. Those four acts thus arguably fall inside the sexual harassment provision and outside the Sexual Misconduct Exclusion. *See id.* The mere possibility that the Policy covers some acts alleged in the Claim is enough to trigger RSUI's obligation to provide a defense under Ohio law, or so NYAP argues. *See id.*; *see also Mesa Underwriters Specialty Ins. Co. v. Secret's Gentleman's Club*, 1:16-cv-2035, 2017 WL 4516643, at *15 (N.D. Ohio July 21, 2017); *Westfield Cos. v. O.K.L. Can Line*, 804 N.E.2d 45, 49 (Ohio Ct. App. 2003) ("where the insurer's duty is

not clear from the complaint, but the allegations do state a claim that is potentially or arguably within the policy coverage . . . the insurer must accept defense of the claim."); *Vill. of Piermont v. Am. Alternative Ins. Corp.*, 151 F. Supp. 3d 438, 440 (S.D. NY 2015) (applying identical New York law).

NYAP's argument on this point closely resembles its argument on appeal, albeit repurposed for Rule 60(b). *See generally* Appellant Br.; *RSUI Indem. Co.*, 2024 WL 2974628, at *2–3 (describing NYAP's appellate argument). Indeed, NYAP seems to have copied a significant portion of its Rule 60(b) motion from its opening brief on appeal. *Compare* Appellant Br. at 11–16 *with* Mot. 7–11, ECF No. 35. Aside from this superficial resemblance, NYAP's argument on appeal and here both rest on the same fundamental theory: although the Sexual Misconduct Exclusion is valid, it does not apply to this Claim. But, as the Sixth Circuit concluded when it deemed NYAP's appellate arguments forfeited, NYAP has never raised an argument based on that legal theory before this Court.

Nothing prevented NYAP from asserting this theory in response to RSUI's Motion for Judgment on the Pleadings. The IDHR's Notice and Investigation Report are not crucial to the new theory; NYAP could have asserted this theory without IDHR's Notice or its Investigation Report. In fact, they did so on appeal, before IDHR published the Notice and Investigation Report at issue. They were able to do so because all the factual allegations contained in the Notice and Investigation Report also appear in the Letter and the Charge of Discrimination (including the alleged acts IDHR stylizes into a five-item list, which NYAP plays

up now). *Compare* Notice and Investigation Report, ECF 35-2, *with* Letter, ECF 17-1 and Charge, ECF 27.

Because NYAP could have raised its present argument in its initial response to RSUI's Motion for Judgment on the Pleadings but chose not to, NYAP cannot raise the argument now. *See, e.g.*, *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." (citation omitted)); *Kline v. Mortg. Elec. Registration Sys., Inc.*, 704 F. App'x 451, 466 (6th Cir. 2017) ("Rule 60(b) is not a vehicle to give the losing litigant a second bite at the apple." (citation omitted)); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989) ("[P]arties may not use a Rule 60(b) motion . . . as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." (citation omitted)); *Bryant v. Allied Universal Sec. Servs.*, No. 1:18-cv-1800, 2019 WL 6317319, at * 2 (N.D. Ohio Nov. 26, 2019) ("Rule 60(b) does not permit parties to relitigate the merits of a claim or to raise new arguments that could have been raised in the initial complaint." (citation omitted)); *Oko v. City of Cleveland*, No. 1:21-cv-2222, 2023 WL 6466160, at *8 (N.D. Ohio Oct. 4, 2023) ("Plaintiff's arguments . . . are nothing more than an attempt to reargue the merits of Defendants' Summary Judgment Motion.  This is not appropriate."). Accordingly, this Court does not accept NYAP's new argument and considers the

impact of the IDHR Notice and Investigation Report on NYAP's original legal theory only.

The reason for NYAP's about-face is apparent: IDHR's Notice and Investigation Report would not have "produced a different result" on NYAP's original legal theory, as required for success under Rule 60(b)(2). Nothing in the Notice or Investigation Report relates to the validity of the Sexual Misconduct Exclusion, the ripeness of RSUI's action for declaratory judgment, or RSUI's bad faith. And so, the Notice and Investigation Report do not entitle NYAP to relief from judgment under Rule 60(b)(2).

Even if this Court admitted NYAP's new legal theory, the IDHR's Notice and Investigation Report still would not have "produced a different result." "[A]n insurer 'is not obligated to defend any claim that is clearly and indisputably outside the contracted policy coverage.'" *Mesa Underwriters Specialty Ins. Co. v. Secret's Gentleman's Club*, 751 F. App'x 715, 733 (6th Cir. 2018) (quoting *Cincinnati Ins. Co. v. CPS Holdings, Inc.*, 875 N.E.2d 31, 33 (Ohio 2007)). Under the Policy, any "Claim . . . alleging . . . or in any way involving, directly or indirectly, any [sexual behavior, sexual abuse, sexual assault, and/or sexual acts]" falls clearly and indisputably outside the contracted coverage. ECF No. 21-1 at PAEGID # 254. The Employee's Claim against NYAP obviously "alleges" or "involve[s]" sexual assault in that she alleges her Supervisor "sexually assaulted her by forcing her to have intercourse while she was under the

influence of alcohol and unable to give her consent because she was intoxicated." Investigation Report, ECF No. 35-2 at 5, 12.

NYAP concedes that this allegation within the Claim is "potentially subject" to the Sexual Misconduct Exclusion but maintains that the other allegations are not. Mot. 11, ECF No. 35. NYAP makes much of a list of five allegations IDHR includes in its Investigation Report, of which sexual assault is one. ECF No. 35-2 at 5, 12. The other four acts in this list, NYAP claims, do not fall within the Sexual Misconduct Exception. Those four acts are:

1. On December 7, 2022, [Employee's Supervisor] provided her with an excessive amount of alcohol, which she felt pressured to drink because he was her supervisor.

2. On December 7, 2022, [Employee's Supervisor] asked her, "Can I tell you something? You're fine as hell."

3. On December 8, 2022, [Employee's Supervisor] sent her text messages requesting that she have sex with him.

4. On January 6, 2023, [Employee's Supervisor] told her that he could not stop thinking about having sex with her and had to have sex with her again.

*Id.* Applying similar logic, NYAP argues that all of Count B—the Employee's constructive discharge claim—also falls outside the Sexual Misconduct Exclusion. Mot. at 11, ECF No. 35.

NYAP's new argument—if accepted—still fails for two reasons. First, NYAP assumes the individual factual allegations as the proper unit of analysis for determining whether and to what the Sexual Misconduct Exclusion applies. But the language of the Sexual Misconduct Exclusion itself suggests that the Claim

as a whole, rather than the individual factual allegations within it, is the proper unit of analysis. The Sexual Misconduct Exclusion precludes coverage for any "*Claim* . . . alleging, arising out of . . . or in any way involving, . . . [sexual assault, et cetera]." ECF No. 21-1 at PAEGID #254 (emphasis added). By contrast, the policy at issue in *Westfield Ins. Co. v. Factfinder Mktg. Research, Inc.* precluded coverage not for claims but for "injury arising out of [knowingly false publications]." 860 N.E.2d 145, 154 (Ohio Ct. App. 2006) (internal quotation marks omitted). The policy in *Piermont* similarly excludes coverage not for claims but for "'Sexual Abuse' of any person." 151 F. Supp. 3d at 449; *see also* ECF No. 41-1 PAGEID # 553–54.

NYAP's method of analyzing the allegations atomically would be more appropriate for determining the exclusions at issue in those cases because those policies excluded coverage for certain conduct (or injury arising out of conduct) but did not expressly exclude coverage for entire claims involving such conduct. In some circumstances, the exclusions in *Westfield* and *Piermont* might affect part of a claim (the part related to or arising out of the excluded conduct) but not the whole claim. And so allegation-by-allegation analysis might be necessary to determine whether and to what portions of a claim those exclusions apply.

NYAP's atomic approach is less apt for determining whether the Sexual Misconduct Exclusion in its Policy with RSUI applies. Unlike the policies in *Westfield* and *Piermont*, NYAP's Policy with RSUI expressly excludes whole claims that allege or involve sexual assault, never just the part of the claim that

alleges or involves sexual assault. Under the Policy, whole claims (not individual allegations) are thus the proper unit of analysis.

At bottom, so long as a "Claim" "in any way involves" sexual assault, the Sexual Misconduct Exclusion bars coverage of that "Claim." Consistent with what this Court has previously held, the Court agrees with RSUI that the "Claim" at issue here is the Employee's IDHR proceeding as a whole. *See* O&O at 5 n. 3, ECF No. 30. The Employee's IDHR proceeding irrefutably "involves" sexual assault. Core to both Count A and Count B of that proceeding is the Employee's allegation that her supervisor forced her to have intercourse with him while she was unable to give her consent. The Sexual Misconduct Exclusion accordingly bars coverage of the Employee's Claim.

Second, all four specific allegations that NYAP characterizes as "sexual harassment" (not "Sexual Misconduct") independently involve sexual assault, directly or indirectly, in their own right. The conduct in two of those four allegations occurred on the same night as, and in the lead up to, the alleged sexual assault. One of those two allegations is that the Employee's Supervisor pressured her to drink an excessive amount of alcohol—the same alcohol that rendered her incapable of consenting to the intercourse that forms the basis of her sexual assault allegation. In that way, this allegation "involves" sexual assault, at least "indirectly" if not "directly." The other of the two allegations is a suggestive comment the Employee's Supervisor allegedly made shortly before

the intercourse. This allegation likewise "involves" sexual assault, at least "indirectly."

In each of the remaining two allegations, the Employee's supervisor allegedly requests that the Employee have sex with him again. The Supervisor allegedly made the first of these two requests mere hours after the alleged sexual assault, during the following morning. Insofar as the alleged requests reference the prior alleged sexual assault, they too "involve" sexual assault "directly or indirectly." Because these four allegations plus the sexual assault allegation also form the basis of Count B (the constructive discharge claim), that Count also "involves" sexual assault "directly or indirectly."

All in all, even if the IDHR's Notice and Investigation Report were deemed "newly discovered evidence," they would not entitle NYAP to relief under Rule 60(b)(2) because this Court would have reached the same outcome had the Notice and Investigation Report been presented to the Court prior to its O&O. The Notice and Investigation Report do not advance the arguments that NYAP raised in their original response to RSUI's Motion. And NYAP cannot now use them as a vehicle to smuggle in new arguments—arguments which the Sixth Circuit held NYAP forfeited on appeal. But even if this Court permitted those new arguments, NYAP still would not be entitled to relief from this Court's prior judgment because the new arguments would still fail to produce a different result.

**B.     Fed. R. Civ. P. 60(b)(6)**

Rule 60(b)(6) also does not afford NYAP ground for relief. As noted above, that provision is reserved for "exceptional," "extraordinary," "unusual," or "extreme circumstances." NYAP's motion fails to show the existence of any exceptional or extraordinary circumstance that would justify relief. Instead, NYAP summarily states, "[t]his case presents just the type of exceptional or extraordinary circumstances in which the principles of equity demand relief." Mot. 14–15, ECF No. 35. NYAP's decision to present one set of arguments before this Court in its original response to RSUI's motion for judgment on the pleadings and a different set of arguments—inconsistent with the first—on appeal and belatedly before this Court is not the sort of "exceptional or extraordinary" circumstance that would justify relief.

Rather, that decision forecloses relief under the equitable factors of Rule 60(b)(6). To prevail under Rule 60(b)(6), a movant must show that "principles of equity mandate relief." *West*, 790 F.3d at 696–97 (6th Cir. 2015) (citing *McGuire*, 738 F.3d at 750). The Sixth Circuit instructs district courts to look at three equitable factors in particular: "(1) lack of prejudice to [the non-moving party]; (2) a meritorious defense; and (3) whether the [movant's] culpable conduct led to the judgment." *Exp.-Imp. Bank of U.S.*, 604 F.3d at 247 (citation omitted). All three factors weigh against NYAP.

First, RSUI would be significantly prejudiced if the case we re-opened at this stage. Not only would re-opening this case render RSUI susceptible to the

ordinary costs of litigation (augmented by the need to respond to NYAP's new legal theory), but it would also render RSUI susceptible to something like reliance costs. A couple months after NYAP filed its Motion for Relief from Judgment and a few days after the Sixth Circuit affirmed this Court's judgment on the pleadings, NYAP settled the Employee's claims against it and one of its Supervisors. NYAP advises that RSUI did not participate in settlement discussions, despite NYAP's repeated invitations. This Court's September 15, 2023 O&O and the Sixth Circuit's June 13, 2024 ruling, both in RSUI's favor, likely informed RSUI's decision not to participate in those settlement conversations. If this Court had instead denied RSUI's motion for judgment on the pleadings, RSUI may have decided to participate in the negotiations. To grant NYAP relief from judgment now, after settlement negotiations have concluded, would thereby prejudice RSUI.

Second, NYAP does not have a meritorious defense. The meritorious defense requirement exists because "a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." *Exp.-Imp. Bank of U.S. v. Advanced Polymer Scis., Inc.*, 624 F. Supp. 2d 696, 700 (N.D. Ohio 2009) (internal quotation marks and citation omitted), *aff'd*, 604 F.3d 242 (6th Cir. 2010). Vacating this Court's prior judgment on the pleading would be an empty exercise. Because NYAP raises new legal theories in their Rule 60(b) motion, nothing therein disturbs the conclusions this Court reached regarding the legal theories NYAP put forth in

their response to RSUI's motion for judgment on the pleadings. Their old legal theories therefore (still) do not support a meritorious defense.[1]

Third and finally, if this Court sided with NYAP on its new arguments, NYAP would be "culpable for the adverse judgment" because it could have raised those new arguments in its response to RSUI's motion for judgment on the pleadings but chose to raise different arguments instead.

Because NYAP's circumstances are not "exceptional or extraordinary," and because equitable principles weigh in favor of the finality of this Court's September 15, 2023 judgment, Rule 60(b)(6) does not entitle NYAP to relief from that judgment.

## IV. CONCLUSION

For these reasons, Plaintiffs' motion is **DENIED**. The Clerk shall terminate ECF No. 35. The case remains closed.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Neither would their new legal theories, for the same reasons discussed above in connection with NYAP's Rule 60(b)(2) arguments.